THE PEOPLE *v.* LUGO.

## Appeal from the District Court of Mayagüez.

No. 229.—Decided April 7, 1910.

CRIMINAL LAW—ASSAULT AND BATTERY—STATEMENT OF THE CASE.—Even where the bill of exceptions or statement of the case presented on appeal are properly prepared, this court cannot consider them unless they are signed by the trial judge.

ID.—STATEMENT OF THE CASE—NEGLIGENCE OF APPELLANT.—An appellant cannot successfully allege, in opposition to the objection that the statement of the case is not signed by the judge, that it is no fault of the appellant, because it is the duty of his attorney to see that the record is properly prepared in order that it may be considered authentic by this court, and especially in view of the fact that the appellant may correct any errors or defects in the transcript of the record, after it has been sent up to this court, in accordance with the provisions of section 55 of the Rules.

ID.—ASSAULT AND BATTERY—ELEMENTS OF CRIME.—The thing that goes to constitute the crime of assault and battery is the illegal and violent act of attacking another person with intent to do harm, and these elements are present in this case.

ID.—JUDGMENT ROLL—FAILURE TO PRESENT STATEMENT OF THE CASE—AUTHENTICITY THEREOF.—This court being unable to consider the statement of the case and the bill of exceptions presented here because they have not been properly authenticated, the appeal must be decided upon a consideration of the judgment roll alone; and since it does not appear therefrom that the trial court has committed any fundamental error, the judgment appealed from must be affirmed.

The facts are stated in the opinion.

*Messrs. F. L. Cornwell and Fernando Vázquez* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This cause originated in the municipal court of Cabo Rojo upon a sworn complaint against Fernando Lugo-Viña for having assaulted Pablo Cintrón with a revolver and seriously wounding him while he was passing on horseback near the carriage in which the former was traveling.

The municipal court sentenced him and he appealed to the District Court of Mayagüez which also sentenced him to pay a fine of $1,000, and in default of payment, to suffer imprisonment one day for every dollar which he failed to pay, such imprisonment not exceeding 90 days.

Lugo-Viña not being satisfied, he appealed to this Supreme Court.

Here we have a statement of facts and a bill of exceptions in due form properly prepared but we cannot consider them because they have not been duly authenticated, as they are not signed by the judge who took cognizance of the case. (See among others, the appeal of *The People of Porto Rico* v. *Porrata,* [16 P. R. Rep. 10] decided January 24, 1910.)

Counsel for the appellant refers to both documents in his brief in support of the appeal seeking a reversal of the judgment or that a new trial be ordered.

It cannot be argued that the fact of the absence of the signature of the judge is not chargeable to the appellant, because it is always the duty of his attorney to watch and see that the record is prepared in proper form in order that we may consider it on the appeal as authentic, especially when, even after the copies of the record have been transmitted to this Supreme Court, the appellant has time to correct any errors or defects which they may contain, he being authorized so to do by section 55 of our regulations.

And if all this is disregarded the appellant must suffer the consequences.

Furthermore, what characterizes this crime of assault and battery is the unlawful violent act directed against a person

with intent to cause him damage, and in this case said purpose and the unlawful violence against the person of Pablo Cintrón are coupled with the aggravating circumstance of a deadly weapon having been used. (Act of the Assembly, approved March 10, 1904.)

Under the circumstances we must eliminate from the record the statement of facts and the bill of exceptions and decide this appeal considering only the judgment roll, and an examination thereof does not show the commission of any material error which could have prejudiced the rights of the defendant.

For this reason the judgment rendered by the judge of the District Court of Mayagüez on December 21, 1909, should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.